*Stip does not affect confirmed plan*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Barbara M. Nichols aka Barbara Louise Nichols aka Barbara L Mitchell<br>　　　　　Debtor | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>　　　　　Movant<br>vs. | NO. 18-16748 ELF |
| Barbara M. Nichols aka Barbara Louise Nichols aka Barbara L Mitchell<br>　　　　　Debtor | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's vehicle is **$2,301.52,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 9, 2019 to June 9, 2019 at $386.44/month |
| Suspense Balance: | $17.12 |
| **Total Post-Petition Arrears** | **$2,301.52** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on July 9, 2019 and continuing through December 9, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$386.44** on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the ninth (9th) day of each month, plus an installment payment of **$383.59 from July 2019 to November 2019 and $383.57 for December 2019** towards the arrearages on or before the last day of each month at the address below;

TOYOTA MOTOR CREDIT CORPORATION
P.O. BOX 9490
CEDAR RAPIDS, IOWA 52409-9490

b). Maintenance of current monthly vehicle payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   May 29, 2019

By: */s/ Kevin G. McDonald, Esquire*
Attorney for Movant

Date:  June 7, 2019

*/s/ Albert J. Scarafone, Jr., Esquire*
Albert J. Scarafone, Jr., Esquire
Attorney for Debtor

Date:  6/10/19

William C. Miller, Esquire
Attorney for Debtor

NO OBJECTION
*without prejudice to any trustee rights or remedies.

Approved by the Court this _____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank